CT # 221968

# COMMONWEALTH OF VIRGINIA



## SUMMONS – CIVIL ACTION
RULE 3:5; VA. CODE § 8.01-2

Case No. CL22007220-00

CHESAPEAKE ............................................................................................................ Circuit Court

307 ALBEMARLE DR. 300A, CHESAPEAKE
**ADDRESS**

TO:

WALMART, INC., CT CORPORATION SYSTEM

702 SW 8TH STREET

4701 COX ROAD, SUITE 285

GLEN ALLEN, VA 72712-

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia.

DECEMBER 1, 2022          KRASNOFF, ALAN P _____ Clerk
   DATE

by /S/ WILSON, DONNA _____
                          DEPUTY CLERK

Instructions:

Hearing Official: ........................................................................

FORM CC-1400 MASTER 10/13

**EXHIBIT A**

Uploaded: 2022DEC01 13:58 Filed By:KRIZZO on behalf of Bar# 97320 KCHAMBERS Reference: EF-113413
E-Filed: 2022DEC01 CHESAPEAKE CC DOWILSON at 2022DEC01 14:52 CL22007220-00

# COVER SHEET FOR FILING CIVIL ACTIONS
COMMONWEALTH OF VIRGINIA

Case No. ........................................................
(CLERK'S OFFICE USE ONLY)

............CHESAPEAKE............................................................ Circuit Court

............JAMES KELLY............ v./In re: ............WALMART, INC............
PLAINTIFF(S)                                         DEFENDANT(S)

I, the undersigned [ ] plaintiff [ ] defendant [ ] attorney for [x] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

### GENERAL CIVIL
**Subsequent Actions**
- [ ] Claim Impleading Third Party Defendant
  - [ ] Monetary Damages
  - [ ] No Monetary Damages
- [ ] Counterclaim
  - [ ] Monetary Damages
  - [ ] No Monetary Damages
- [ ] Cross Claim
- [ ] Interpleader
- [ ] Reinstatement (other than divorce or driving privileges)
- [ ] Removal of Case to Federal Court

**Business & Contract**
- [ ] Attachment
- [ ] Confessed Judgment
- [ ] Contract Action
- [ ] Contract Specific Performance
- [ ] Detinue
- [ ] Garnishment

**Property**
- [ ] Annexation
- [ ] Condemnation
- [ ] Ejectment
- [ ] Encumber/Sell Real Estate
- [ ] Enforce Vendor's Lien
- [ ] Escheatment
- [ ] Establish Boundaries
- [ ] Landlord/Tenant
  - [ ] Unlawful Detainer
- [ ] Mechanics Lien
- [ ] Partition
- [ ] Quiet Title
- [ ] Termination of Mineral Rights

**Tort**
- [ ] Asbestos Litigation
- [ ] Compromise Settlement
- [ ] Intentional Tort
- [ ] Medical Malpractice
- [ ] Motor Vehicle Tort
- [ ] Product Liability
- [ ] Wrongful Death
- [x] Other General Tort Liability

### ADMINISTRATIVE LAW
- [ ] Appeal/Judicial Review of Decision of (select one)
  - [ ] ABC Board
  - [ ] Board of Zoning
  - [ ] Compensation Board
  - [ ] DMV License Suspension
  - [ ] Employee Grievance Decision
  - [ ] Employment Commission
  - [ ] Local Government
  - [ ] Marine Resources Commission
  - [ ] School Board
  - [ ] Voter Registration
  - [ ] Other Administrative Appeal

### DOMESTIC/FAMILY
- [ ] Adoption
  - [ ] Adoption – Foreign
- [ ] Adult Protection
- [ ] Annulment
  - [ ] Annulment – Counterclaim/Responsive Pleading
- [ ] Child Abuse and Neglect – Unfounded Complaint
- [ ] Civil Contempt
- [ ] Divorce (select one)
  - [ ] Complaint – Contested*
  - [ ] Complaint – Uncontested*
  - [ ] Counterclaim/Responsive Pleading
  - [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
- [ ] Separate Maintenance
  - [ ] Separate Maintenance Counterclaim

### WRITS
- [ ] Certiorari
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Prohibition
- [ ] Quo Warranto

### PROBATE/WILLS AND TRUSTS
- [ ] Accounting
- [ ] Aid and Guidance
- [ ] Appointment (select one)
  - [ ] Guardian/Conservator
  - [ ] Standby Guardian/Conservator
  - [ ] Custodian/Successor Custodian (UTMA)
- [ ] Trust (select one)
  - [ ] Impress/Declare/Create
  - [ ] Reformation
- [ ] Will (select one)
  - [ ] Construe
  - [ ] Contested

### MISCELLANEOUS
- [ ] Amend Death Certificate
- [ ] Appointment (select one)
  - [ ] Church Trustee
  - [ ] Conservator of Peace
  - [ ] Marriage Celebrant
- [ ] Approval of Transfer of Structured Settlement
- [ ] Bond Forfeiture Appeal
- [ ] Declaratory Judgment
- [ ] Declare Death
- [ ] Driving Privileges (select one)
  - [ ] Reinstatement pursuant to § 46.2-427
  - [ ] Restoration – Habitual Offender or 3rd Offense
- [ ] Expungement
- [ ] Firearms Rights – Restoration
- [ ] Forfeiture of Property or Money
- [ ] Freedom of Information
- [ ] Injunction
- [ ] Interdiction
- [ ] Interrogatory
- [ ] Judgment Lien-Bill to Enforce
- [ ] Law Enforcement/Public Official Petition
- [ ] Name Change
- [ ] Referendum Elections
- [ ] Sever Order
- [ ] Taxes (select one)
  - [ ] Correct Erroneous State/Local
  - [ ] Delinquent
- [ ] Vehicle Confiscation
- [ ] Voting Rights – Restoration
- [ ] Other (please specify)

[ ] Damages in the amount of $ 50,000,000.00 are claimed.

_(signature)_    ATTORNEY

12/1/2022
DATE     [■] PLAINTIFF    [ ] DEFENDANT    [ ] ATTORNEY FOR    [ ] PLAINTIFF [ ] DEFENDANT

Kayann S. Chambers, Esq.
PRINT NAME
1901 Pennsylvania Ave. N.W., Suite 300, Washington, DC 20006
ADDRESS/TELEPHONE NUMBER OF SIGNATOR

kschambers@forthepeople.com
EMAIL ADDRESS OF SIGNATOR (OPTIONAL)

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

FORM CC-1416 (MASTER) PAGE ONE 07/16

## Civil Action Type Codes
### (Clerk's Office Use Only)

| | |
|---|---|
| Accounting | ACCT |
| Adoption | ADOP |
| Adoption – Foreign | FORA |
| Adult Protection | PROT |
| Aid and Guidance | AID |
| Amend Death Certificate | ADC |
| Annexation | ANEX |
| Annulment | ANUL |
| Annulment – Counterclaim/Responsive Pleading | ACRP |

Appeal/Judicial Review
- ABC Board .............. ABC
- Board of Zoning .............. ZONE
- Compensation Board .............. ACOM
- DMV License Suspension .............. JR
- Employment Commission .............. EMP
- Employment Grievance Decision .............. GRV
- Local Government .............. GOVT
- Marine Resources .............. MAR
- School Board .............. JR
- Voter Registration .............. AVOT
- Other Administrative Appeal .............. AAPL

Appointment
- Conservator of Peace .............. COP
- Church Trustee .............. AOCT
- Custodian/Successor Custodian (UTMA) .............. UTMA
- Guardian/Conservator .............. APPT
- Marriage Celebrant .............. ROMC
- Standby Guardian/Conservator .............. STND

| | |
|---|---|
| Approval of Transfer of Structured Settlement | SS |
| Asbestos Litigation | AL |
| Attachment | ATT |
| Bond Forfeiture Appeal | BFA |
| Child Abuse and Neglect – Unfounded Complaint | CAN |
| Civil Contempt | CCON |

Claim Impleading Third Party Defendant –
- Monetary Damages/No Monetary Damages .............. CTP

| | |
|---|---|
| Complaint – (Miscellaneous) | COM |
| Compromise Settlement | COMP |
| Condemnation | COND |
| Confessed Judgment | CJ |
| Contract Action | CNTR |
| Contract Specific Performance | PERF |

Counterclaim – Monetary Damages/No Monetary
- Damages .............. CC

| | |
|---|---|
| Cross Claim | CROS |
| Declaratory Judgment | DECL |
| Declare Death | DDTH |
| Detinue | DET |

Divorce
- Complaint – Contested/Uncontested .............. DIV
- Counterclaim/Responsive Pleading .............. DCRP
- Reinstatement – Custody/Visitation/Support/ Equitable Distribution .............. CVS

Driving Privileges
- Reinstatement pursuant to § 46.2-427 .............. DRIV
- Restoration – 3rd Offense .............. REST

Ejectment .............. EJET

| | |
|---|---|
| Encumber/Sell Real Estate | RE |
| Enforce Vendor's Lien | VEND |
| Escheatment | ESC |
| Establish Boundaries | ESTB |
| Expungement | XPUN |
| Forfeiture of Property or Money | FORF |
| Freedom of Information | FOI |
| Garnishment | GARN |
| Injunction | INJ |
| Intentional Tort | ITOR |
| Interdiction | INTD |
| Interpleader | INTP |
| Interrogatory | INTR |
| Judgment Lien – Bill to Enforce | LIEN |
| Landlord/Tenant | LT |
| Law Enforcement/Public Official Petition | LEP |
| Mechanics Lien | MECH |
| Medical Malpractice | MED |
| Motor Vehicle Tort | MV |
| Name Change | NC |
| Other General Tort Liability | GTOR |
| Partition | PART |
| Permit, Unconstitutional Grant/Denial by Locality | LUC |
| Petition – (Miscellaneous) | PET |
| Product Liability | PROD |
| Quiet Title | QT |
| Referendum Elections | ELEC |

Reinstatement (Other than divorce or driving
- privileges) .............. REIN

| | |
|---|---|
| Removal of Case to Federal Court | REM |
| Restore Firearms Rights – Felony | RFRF |
| Restore Firearms Rights – Review | RFRR |
| Separate Maintenance | SEP |

Separate Maintenance – Counterclaim/Responsive
- Pleading .............. SCRP

| | |
|---|---|
| Sever Order | SEVR |
| Sex Change | COS |

Taxes
- Correct Erroneous State/Local .............. CTAX
- Delinquent .............. DTAX

| | |
|---|---|
| Termination of Mineral Rights | MIN |
| Trust – Impress/Declare/Create | TRST |
| Trust – Reformation | REFT |
| Uniform Foreign Country Money Judgments | RFCJ |
| Unlawful Detainer | UD |
| Vehicle Confiscation | VEH |
| Violation – Election Law | VEL |
| Voting Rights – Restoration | VOTE |
| Will Construction | CNST |
| Will Contested | WILL |

Writs
- Certiorari .............. WC
- Habeas Corpus .............. WHC
- Mandamus .............. WM
- Prohibition .............. WP
- Quo Warranto .............. WQW

Wrongful Death .............. WD

**VIRGINIA:**

## IN CHESAPEAKE CIRCUIT COURT

| | |
|---|---|
| **JAMES KELLY** <br> **XXXXXXXX** <br><br> *Plaintiff* <br><br> v. <br><br> **WALMART, INC.** <br> 702 SW 8th St. <br> Bentonville, AR 72712 <br><br> Serve: <br><br> CT Corporation System <br> 4701 Cox Rd. <br> Ste 285 <br> Glen Allen, VA, 23060-6808 <br><br> *Defendant* | Case No. _____ |

## COMPLAINT

Plaintiff James Kelly, by and through the undersigned counsel, states the following in support of her Complaint against Defendant Walmart, Inc.:

### Parties

1. Plaintiff is an individual who resides at the above address.

2. Defendant Walmart, Inc. ("Defendant" or "Walmart") is a corporation with a principal place of business in Bentonville, Arkansas. Defendant runs Walmart stores across the entire country, including in Chesapeake, Virginia.

1

## Jurisdiction

3. This Court has subject matter jurisdiction over this action because the events giving rise to this cause of action occurred in the Commonwealth of Virginia.

4. This Court has personal jurisdiction over Defendant because Defendant caused tortious injury in the Commonwealth of Virginia.

5. This Court is a proper venue because the mass shooting that forms the basis of the Complaint occurred in Chesapeake, Virginia.

## Facts

6. On the evening of November 22, 2022, Walmart employee and team lead Andre Bing walked into the break room of the Walmart located at 1521 Sam's Circle in Chesapeake, Virginia, and opened fire on his coworkers.

7. Plaintiff James Kelly witnessed several of his coworkers being brutally murdered.

8. Mr. Kelly ran out of the break room as fast as he could. In the process of escaping, Mr. Kelly fell, injuring his right ankle.

9. Around 10:12 p.m., Chesapeake Police responded to the Walmart in response to an active shooter inside the store. The first officer arrived on scene within two minutes, at around 10:14 p.m. and officers entered the store at around 10:16 p.m.

10. Chesapeake police found multiple people dead upon arrival to the store, including the shooter, Andre Bing. Several other Walmart employees would later succumb to their injuries.

11. Plaintiff James Kelly had been employed with Walmart as an overnight stocker clerk since August 1, 2022.

12. The mass shooter, Andre Bing, was a team lead with Walmart and responsible for managing the overnight stocking crew, including Mr. Kelly.

13. Walmart had employed Mr. Bing since 2010. Upon information and belief, Mr. Bing had been disciplined on several occasions during his employment with Walmart. Prior to the mass shooting, Mr. Bing had been demoted for his interactions with others, but then reinstated as team lead.

14. Mr. Bing demonstrated a pattern of disturbing behavior leading up to the shooting, which Walmart knew, or should have known.

15. Mr. Bing's behavior prior to the shooting put Walmart on notice on that Mr. Bing was violent and could harm others.

16. Many Walmart employees, including Mr. Kelly, had observed Mr. Bing exhibit bizarre and threatening behavior leading up to the shooting.

17. Mr. Kelly complained to Walmart that Mr. Bing harassed and badgered him throughout the duration of his employment with Walmart.

18. Prior to the shooting, Mr. Bing offhandedly told Mr. Kelly, "I don't care how big you are. I have something to take care of that."

19. Prior to the shooting, Mr. Bing had told store employees that if he was ever fired, he would retaliate and "people will remember my name."

20. Prior to the shooting, Mr. Bing had told coworkers that he ran over a turtle with a lawnmower, just to see its guys spray out, which made him hungry and reminded him of ramen noodles.

21. Mr. Bing had a reputation among Walmart employees for being the team lead to "watch out for." It was well known that Mr. Bing had a bad attitude and would retaliate against fellow employees for the smallest perceived slight or inadequacy. Mr. Bing was known for being a mean and cruel supervisor.

3

Service: CHESAPEAKE CC DOWILSON at 2022DEC01 14:52 CL22007220-00

**SERVICE OTHER THAN BY VIRGINIA SHERIFF**  Case No. CL22007220-00
COMMONWEALTH OF VIRGINIA
VA. CODE §§ 8.01-293, 8.01-320, 8.01-325                       Service No. 1.......................... (Clerk's use only)

CHESAPEAKE............................................................................ Circuit Court

KELLY, JAMES .................................................. v.  WALMART, INC. ..................................................

WALMART, INC., CT CORPORATION SYSTEM, 702 SW 8TH STREET, 4701 COX ROAD, SUITE 285, GLEN ALLEN, VA 72712-

is the name and address of the person upon whom service of the following is to be made:
  [ ] Summons and Complaint
  [x] COMPLAINT......................................................................................................................................................

I, the undersigned, swear/affirm that
  1. [ ] I am an official or an employee of an official who is authorized to serve process of the type described in the attached Proof of Service and my title and bailiwick are as follows:

  ...........................................................................................................................................................................

  or,
  [ ] I am a private process server (list name, address and telephone number below).

  ...........................................................................................................................................................................

  or,
  [ ] I am an investigator employed by an attorney for the Commonwealth or the Indigent Defense Commission and have retired or resigned from my prior position as a law-enforcement officer in good standing. I affirm that the sheriff for the jurisdiction where process was served has agreed that such investigators may serve process. (List name, title and agency below.)

  ...........................................................................................................................................................................

  2. I am not a party to, or otherwise interested in, the subject matter in controversy in this case.
  3. I am 18 years of age or older.
  4. I served, as shown below, the above-named person upon whom service of process was to be made with copies described above.
     — Date and time of service: ..............................................................................................................................
     — Place of service: ..........................................................................................................................................
     — Method of service:                                STREET ADDRESS, CITY AND STATE

| [ ] Personal Service | [ ] Not Found |
|---|---|
| [ ] Being unable to make personal service, a copy was delivered in the following manner:  [ ] Delivery to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of person to be served after giving information of its purport. List name, age of recipient, and relation of recipient to party ..................................... | |
| [ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode (other authorized recipient not found).  [ ] (Garnishment Summons Only, § 8.01-511) Copy mailed to judgment debtor after serving the garnishee on date of service below unless a different date of mailing is shown. | |
| DATE OF MAILING | |

_____        _____
DATE                                                      SIGNATURE

State/Commonwealth of ............................................ , [ ] City [ ] County of ............................................

Subscribed and sworn to/affirmed before me this .................... day of ............................................ , 20 ..........

by ..........................................................................................................................................................................
    PRINT NAME OF SIGNATORY                                                                                         TITLE

_____        NOTARY PUBLIC (My commission expires ............................................)
DATE
                                                          Registration No. ..............................................................
FORM CC-1407 MASTER 07/18

22. Prior to the shooting, Mr. Bing told coworkers government was watching him. He kept black tape on his phone camera so no one could spy on him.

23. Prior to the shooting. Mr. Bing repeatedly asked coworkers if they had received their active shooter training. When coworkers responded that they had, Mr. Bing just smiled and walked away without saying anything.

24. Upon information and belief, Mr. Bing had a vendetta against several Walmart employees and kept a "kill list" of potential targets prior to the shooting.

25. Mr. Bing's cellphone was obtained by law enforcement following the shooting. The phone contained a manifesto, which listed several Walmart employees by name as targets due to issues he had with them.

26. Upon information and belief, Walmart was aware of Mr. Bing's behavior and threats, but kept employing him anyway.

27. Upon information and belief, Mr. Bing was previously disciplined for his bad behavior and harassing other employees, but Walmart kept employing him anyway.

28. Upon information and belief, Mr. Bing was disciplined leading up to the shooting, making his violent outburst predictable.

29. Despite Mr. Bing's long-standing pattern of disturbing and threatening behavior, Walmart did not enact any preventative measures to keep Walmart customers and employees safe.

30. Despite Mr. Bing's long-standing pattern of disturbing and threatening behavior, Walmart continued to employ Mr. Bing.

31. Despite Mr. Bing's long-standing pattern of disturbing and threatening behavior, Walmart continued to permit Mr. Bing access to the breakroom and other common areas.

32. As a direct and proximate result of the shooting, Mr. Kelly has experienced, and will in the future experience, post-traumatic distress disorder, including physical manifestations of post-traumatic stress disorder and emotional distress.

33. As a direct and proximate result of the shooting, Mr. Kelly has experienced:

a. Sleeplessness;

b. Flashbacks;

c. Severe anxiety;

d. Stomach pain;

e. Loss of appetite;

f. Nightmares; and

g. Right ankel injury, among other things

## COUNT I: NEGLIGENT HIRING AND RETENTION

34. At all times relevant to this case, Defendant was an employer.

35. At all times relevant to this case, Defendant owed Plaintiff a duty to use reasonable care in:

a. Employing Mr. Bing, who had known propensities for violence, threats, and strange behavior;

b. Retaining Mr. Bing, who had known propensities for violence, threats, and strange behavior;

c. Investigating Mr. Bing's background and history, who had known propensities for violence, threats, and strange behavior;

d. Restricting Mr. Bing's access to common areas, when he had known propensities for violence, threats, and strange behavior.

5

36. Defendant breached the above-listed duties owed to Plaintiff by continuing to employ Mr. Bing and allow him access to the breakroom, despite Mr. Bing's well-known propensities for violence, threats, and strange behavior.

37. Andre Bing made comments to other employees suggesting that he would be violent if fired or disciplined.

38. Andre Bing made comments to other employees indicating that he liked guns.

39. Andre Bing had a long-standing reputation for being a cruel manager and was known as a manager to avoid.

40. Andre Bing frequently made bizarre and inappropriate comments to Plaintiff and others, which were reported to management at Walmart.

41. Andre Bing had been disciplined in the past, but was permitted to remain employed at Walmart.

42. Walmart continued to employ Mr. Bing, despite receiving many complaints about him.

43. Defendant knew, or should have known, that Andre Bing had violent propensities.

44. As a direct and proximate result of Defendant's breach of duty, Plaintiff:

   a. experienced severe pain and suffering;

   b. will in the future experience severe pain and suffering;

   c. incurred medical bills;

   d. will in the future incur medical bills;

   e. lost wages; and

   f. will in the future lose wages

6

**WHEREFORE**, Plaintiff respectfully requests judgment against the Defendant in an amount to be determined at trial but believed to be **FIFTY MILLION DOLLARS ($50,000,000.00)** in compensatory damages, plus costs of suit, pre-judgment interest, post-judgment interest, and such other and further relief as this Court deems just and proper.

## COUNT II: RESPONDEAT SUPERIOR LIABILITY FOR ANDRE BING'S ASSAULT

45. At all times relevant to this case, Andre Bing was an employee or agent of Defendant.

46. At all times relevant to this case, Andre Bing was acting in the scope of his employment with Defendant.

47. Andre Bing intentionally acted to make Mr. Kelly believe an immediate harmful or offensive contact would occur when he murdered coworkers sitting and standing next to him.

48. Andre Bing was engaging in Defendant's business just prior to the shooting.

49. Andre Bing: (a) had access to the breakroom due to this employment with Defendant; (b) was on the premises due to his employment with Defendant; and (c) he was able to carry out his heinous acts due to his employment with Defendant.

50. Andre Bing was able to carry out the mass shooting on November 22, 2022, due to the circumstances and instrumentalities provided by Defendant.

51. Andre Bing was present in the breakroom during shift change, which was an ordinary function of his job with Defendant.

52. But for Mr. Bing's employment with Defendant, Mr. Bing would not have been able to carry out his horrific attack upon his fellow employees.

53. Tragically, the shooting arose out of the actions which Defendant hired Mr. Bing to perform, specifically, overseeing and managing fellow employees.

7

54. Mr. Bing was acting within the ambit of the services that his employer had expected him to perform just prior to the shooting.

55. As a direct and proximate result of Andre Bing's assault, Plaintiff:

   a. experienced severe pain and suffering;

   b. will in the future experience severe pain and suffering;

   c. incurred medical bills;

   d. will in the future incur medical bills;

   e. lost wages; and

   f. will in the future lose wages

**WHEREFORE**, Plaintiff respectfully requests judgment against the Defendant in an amount to be determined at trial but believed to be **FIFTY MILLION DOLLARS ($50,000,000.00)** in compensatory damages, plus costs of suit, pre-judgment interest, post-judgment interest, and such other and further relief as this Court deems just and proper.

## Jury Demand

Plaintiff, by and through the undersigned counsel, hereby demands trial by jury of all issues in this matter.

Respectfully Submitted,

**MORGAN & MORGAN DC, PLLC**

Peter Anderson, VSB #83093
MORGAN & MORGAN DC, PLLC

*Kayann Chambers*
ATTORNEY

Kayann S. Chambers, Esq.
Bar No. 97320
Morgan & Morgan,
1901 Pennsylvania Avenue, N.W. Suite 300
Washington, DC 20006
(202) 772-0584
(202) 772-0634 (fax)
kschambers@forthepeople.com
<u>Counsel for Plaintiff</u>

9